FILED
NOV 10 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAMON RODRIGUEZ FUENTES )   Case: _____
LETISIA MACIAS FUENTES     )
                           )   Hon. _____        NC
       Plaintiff           )
                           )
vs.                        )   C 22 07051
                           )
                           )   COMPLAINT FOR TEMPORARY
                           )   INJUNCTION IN THE FORM
REDWOOD HOLDINGS LLC       )   OF A PETITION FOR
GREGORY GEISER, CEO &      )   ORDER TO SHOW CAUSE
WEDGEWOOD LLC              )   (request for trial by jury)
                           )
       Defendant(s)        )
_____/

Now Comes the Plaintiff, in pro per, without the assistance of counsel, to file this Complaint for Injunction via Federal Rule 65, and by 28 USC § 1332, in the form of a Petition for Order to Show Cause to prevent a Manifest Injustice which would wrongly allow his homestead-residence to be possessed by an adverse party in a wrongful foreclosure and/or Deed of Trust Sale process.

### THE PARTIES

**REDWOOD HOLDINGS LLC,** Company Number 201934310194 Company Type: Limited Liability Company – Agents name: COGENCY GLOBAL INC CA Jurisdiction: California (US) Registered Address *Cogency Global Inc., 1325 J. St. Ste. 1550, Sacramento, CA. 95822,* United States Inactive Directors / Officers JAMES K. BERIKER, Agent Registry Page https://bizfileonline.sos.ca.gov/sear

1

**GREGORY GEISER**, CEO OF REDWOOD HOLDINGS LLC , Corporation officer of WEDGEWOOD, LLC. , *2015 Manhattan Beach Blvd. 100, Redondo Beach, CA. 90278*

**WEDGEWOOD LLC** Company Number: 201532010177 (Status Active) [Incorporation Date:10 November 2015 ](almost 7 years ago) [Company Type FOREIGN] Jurisdiction: California (US) Branch Branch of WEDGEWOOD, LLC (Delaware (US)) [Registered Address: 2015 MANHATTAN BEACH BLVD #100 REDONDO BEACH 90278] United States Agent Name COGENCY GLOBAL INC Agent Address: 1325 J STREET STE 1550 SACRAMENTO CA 95814 Directors / Officers COGENCY GLOBAL INC, agent Inactive Directors / Officers DAVID WEHRLY GREGORY GEISER Registry Page https://bizfileonline.sos.ca.gov/sear...

**THE UNDISCLOSED REAL PARTY IN INTEREST**, THE U.S. GOVERNMENT, by reason of U.S. Senate Document (43). Which says **(EXHIBIT 1):**

"Individual so-called ownership of property is only by virtue of the government, that is law amounting to mere user,a nd that use must be in accordance with law and subordinate with the necessities of the state". Senate Document No. 43, 73rd Congress 1st session.

**RAMON RODRIGUEZ FUENTES**, owner, title holder, occupant.

**LETISIA MACIAS FUENTES**, wife of Ramon Fuentes, co-owner, co-title holder, co-occupant.

## BACKGROUND LEGAL ARGUMENTS

The plaintiff asserts that the Defendant(s) who filed a Creditor Claim(s) in the Bankruptcy Chapter 13 case, supra., filed False Claim(s) **(EXHIBIT 2).**

As related to Title 11 USC Section 502(b)(1), it says in part and provides that a court "shall allow" a claim, proof of which has been filed, "except to the extent that ... such claim is *unenforceable* against the debtor ... under any ... applicable law...." 11 U.S.C. Sec.502(b)(1) according to the 9th circuit In re Johnson, (1985) case; 756 F.2d 738.

2

Judge Hammond in the Division (5) Bankruptcy court for this area of Northern California exceeded the 9th Circuit decision she quoted in a session which did not include ruling on a claim that is *unenforceable* as explained within In Re: Johnson, Supra.

Additionally no merit was given to the RESPA violations asserted by the Debtor in session with Judge Hammond. And, the bankruptcy trustee argued prima facie evidence by registering a Claim reigns supreme when it does not take on such a position in light of the forensic audit acquired by the Debtor and offered into evidence under F.R. Evid 102, but blocked by the Bankruptcy, Id., court.

Due process of law in a current Appellate B.A.P,. **(EXHIBIT 3)** case has to take effect toward a summary ruling before any Sale can occur on the property at bar. The B.A.P. Case has reigning jurisdiction. Attempts to override the B.,A.P. Court would be contemptuous as by the Defendant(s) in a rush to attempt a Sale of the real property involved herein.

Of great concern also is the fact that the plaintiff has attempted to record his Notice of Intent, Affidavit of Secured Interest which then was within the prior (2) weeks into the Registrar's Office and was blocked from doing so. The plaintiff was told he needed a Court Order to record the document attached as an **(EXHIBIT 3)**. The plaintiff immediately filed a Motion in the Bankruptcy Adversarial Complaint case for such an Order to record his Notice of Intent, Affidavit of Secured Interest, and it was not ruled on by the presiding Chater (13) Bankrutpcy Judge.

Thus no Order issued to permit the plaintiff to record his 'secured' interest for the tens of thousands of dollars he has invested by labor and toil with his wife into the mortgage payments over the many years the plaintiff has had the house at bar.

A Trespass upon the Civil Rights Deprivation of NOT ruling to admit or deny, grant or deny, the recordation of the plaintiff's Notice of Intent, Affidavit of Secured Interest is now an Obstruction of Justice claim, as the Notice of Intent, Affidavit of Secured Interest approved in wording by California

3

statue authority is a 'claim for which relief can be granted' when registered locally, When not registered locally it would tend to give the opposition a tactical advantage that is not in accordance 'with 'equal protection of the law ' mandates in our justice system.

From a civil rights viewpoint the foreclosure statute involved does not contain the three (3) elements necessary to be considered a valid law. Clearly the defendant's will not be able to prevail when the statute they rely on to provide authority to sell the property at bar is unconstitutional and not a valid law.

The plaintiff has established the Defendant' liability upon a showing that there is a permanent and well-settled practice by the former Plaintiff(s) in foreclosure suit up to the current Defendant's and their Agency(s) which gave rise to the alleged constitutional violations the plaintiff herein described in his Chapter 13 pro se filings. *(See) City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Navarro v. Block*, 72 F.3d 712, 714-15 (9th Cir. 1996); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds by Bull v. City & County of San Francisco*, 595 F.3d 964 (9th Cir. 2010).

Once the plaintiff, has demonstrated that a custom exists, the plaintiff need not also demonstrate that "official policy-makers had actual knowledge of the practice at issue." *Navarro*, 72 F.3d at 714-15; *Thompson*, 885 F.2d at 1444.

This Plaintiff has established an affirmative causal link between the Defendant(s) and Agency's policy or practice and the alleged constitutional violations. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 391-92 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (9th Cir. 1992).

## PLEASE TAKE JUDICIAL NOTICE

The Defendant(s) claim they have duly perfected title. Such is a false claim. To Wit:

The California State constitution mandates all laws are to be enacted and have an enacting clause, a title, and a body. To Wit:

a. Original Contract with the signatures of both the alleged borrower, and the lender have never been filed in court to verify there was a bilateral contract.

b. Without a certification of the accounting entries of the attorneys cannot verify there was a debt.

c. The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw.

d. The foreclosure was filed showing the lender as the plaintiff, however no one from the lender's corporation signed the foreclosure documents.

e. There is no witness before the court to give the court jurisdiction.

*f. There is No Affidavit filed in the case to give the state court jurisdiction.*

Such constitutional violations involved in the deceptive and insufficient record of title transfer(s)are heavily enumerated in the chain of title chains of assignments and transfers analysis by Detective William Paatalo who did a thorough *Forensic Audit (EXHIBIT 2)* related to the Note and/or Mortgage involved in this property over the years.

A Show Cause hearing has not been held on the facts in the latest *forensic audit* as conducted by Detective Bill Paatalo who was hired by the plaintiff to perform the audit, Id.

Very recently though there is a new issue at bar which was identified in the plaintiff's *Notice of Intent, Affidavit of Secured Interest,* and that is **Senate Document (43)** from the year 1933 shows the government owns the land at bar, and that the plaintiff is merely a user of the property he has to keep in good shape for the Lender.

5

Such ownership by the government was not disclosed in the Deed of Trust contract. ]

The government is a silent real party in interest though and the defendant(s) have not made one mention of Senate Document (43) in all their filings against the Plaintiff over the years either in federal court or state court on the same property.

Failure to join the real party in interest is fatal to the defendant(s) position.

Not only do the defendant(s) lack standing to foreclose and sell the property as clearly proven in the Forensic audit, supra., they are trespassing on the government's claim, a silent one, pursuant to Senate Document (43) and until this can be fully litigated.

The Trustee's Deed upon Sale recorded 10/27/2022 shows inconsistencies **(EXHIBIT 4)**: To Wit:

The recorded filing, 2022-0029298 ,on 10/27/2022 at 7:14 am shows it is recorded by WEDGEWOOD, LLC.

WEDGEWOOD, LLC., is shown to be FOREIGN, supra., and therefore for want of a Notice of Appearance by their lawyer(s) that they are operating from Foreign law (22 USC 611) they have not properly appeared to litigate a Trustee Sale **(EXHIBIT 5)**.

Western Progressive LLC shows they are a Trustee on the Trustee's Deed Upon Sale however they were not appointed to be a Trustee by the original Lender in the Deed of Trust contract. Thus:

There are material facts in dispute in the chain of title analysis which prevents the party(s) who claim they/he/she/it purchased the property legally cannot back up in meritorious evidence.

## PARTIAL MEMORANDUM OF LAW UPON JUDICIAL NOTICE

(1) "`"Judicial notice is the recognition and acceptance by the court, for use by the trier of fact or by the court, of the existence of a matter of law or fact that is relevant to an issue in the action

without requiring formal proof of the matter.""" (*Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1117 [62 Cal.Rptr.3d 59] (*Poseidon*).)

(2) When ruling on a demurrer, "[a] court may take judicial notice of something that cannot reasonably be controverted, even if it negates an express allegation of the pleading." (*Ibid.*) Accordingly, Evidence Code section 452, subdivisions (c) and (h), respectively, permit a court, in its discretion, to take judicial notice of "[o]fficial acts ... of any state of the United States" and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."

(3) Pursuant to these provisions, courts have taken judicial notice of the existence and recordation of real property records, including deeds of trust, when the authenticity of the documents is not challenged. (E.g., *Alfaro v. Community Housing Improvement System & Planning Assn., Inc.* (2009) 171 Cal.App.4th 1356, 1367, fn. 8, 1382 [89 Cal.Rptr.3d 659, 124 Cal.Rptr.3d 271]; *Evans v. California Trailer Court, Inc., supra,* 28 Cal.App.4th at p. 549; *Cal-American Income Property Fund II v. County of Los Angeles* (1989) 208 Cal.App.3d 109, 112, fn. 2 [256 Cal.Rptr. 21].) The official act of recordation and the common use of a notary public in the execution of such documents assure their reliability, and the maintenance of the documents in the recorder's office makes their existence and text capable of ready confirmation, thereby placing such documents beyond reasonable dispute.

In addition, courts have taken judicial notice not only of the existence and recordation of recorded documents but also of a variety of matters that can be deduced from the documents. In *Poseidon,* for example, the court affirmed the trial court's taking judicial notice, in sustaining a demurrer, of the parties, dates, and legal consequences of a series of recorded documents relating to a real estate transaction. (*Poseidon, supra,* 152 Cal.App.4th at pp. 1117-1118.) Although the court recognized that it would have been improper to take judicial notice of the truth of statements of fact recited within the documents, the trial court was permitted to take judicial notice of the legal effect of the documents' language when that effect was clear. (*Ibid.*) Similarly, in *McElroy v. Chase Manhattan Mortgage Corp.* (2005) 134 Cal.App.4th 388 [36 Cal.Rptr.3d 176], the court took judicial notice of the recordation of a notice of default under a deed of trust, the date of the notice's recording, and the amount stated as owing in the notice for the purpose of demonstrating the plaintiffs had notice of the amount claimed to be owing and the opportunity to cure a defective tender. (*Id.* at p. 394.) Judicial notice of the boundaries of a parcel of land on the basis of the property description in a recorded grant deed has also been approved. (*Lockhart v. MVM, Inc.* (2009) 175 Cal.App.4th 1452, 1460 [97 Cal.Rptr.3d 206].)

(4) Strictly speaking, a court takes judicial notice of facts, not documents. (Evid. Code, § 452, subds. (g), (h).) When a court is asked to take judicial notice of a document, the propriety of the court's

7

action depends upon the nature of the facts of which the court takes notice from the document. As noted in *Poseidon,* for example, it was proper for the trial court to take judicial notice of the dates, parties, and legally operative language of a series of recorded documents, but it would have been improper to take judicial notice of the truth of various factual representations made in the documents. (*Poseidon, supra,* 152 Cal.App.4th at pp. 1117-1118; see similarly *Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1375 [127 Cal.Rptr.3d 362] (*Herrera*).) Taken together, the decisions discussed above establish that a court may take judicial notice of the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity. From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face.(ref) **Fontenot v. Wells Fargo Bank, NA, 198 Cal. App. 4th 256 - Cal: Court of Appeal, 1st Appellate Div.**

266

## COMMERCIAL LAW PRECEPTS

The essential elements of the Commercial Law are good, being based upon:

1) Good faith action.

2.) Clean hands doctrine.

3.) Fair business practices.

4.) Full disclosure.

5.) Duty of care.

6.) Just compensation.

7.) Equal protection of the law.

8.) Mercy and

9.) Grace.

In the Uniform Commercial Code which governs commercial loans, all transactions are governed by an assumption of good faith. An obligation of good faith is imposed on the performance and enforcement of every contract or duty within the UCC. (ref) *Atlas Thrift Co. v. Horan,* 27 Cal. App. 3d 999, 1003 (Cal. App. 3d Dist. 1972), see also: *Stephenson v. First Union Nat'l Bank (In re*

8

*Berry)*, 189 B.R. 82, 85 (Bankr. D.S.C. 1995), (ref) Uniform Commercial Code § 1-103, and see also: <u>Arcuri v. Weiss</u>, 198 Pa. Super. 506 (Pa. Super. Ct. 1962).

The Plaintiff intends to hold the Defendant(s) to a standard exemplified in the commercial law venue. Inter alia, as the Defendant(s) are operating via interstate commerce.

## PLAINTIFF'S LEGAL ARGUMENTS IN PART

The Defendant(s) have no claim for which relief can be granted to continue toward Forcible Detainer from an illegal sale of the real property at bar. To have standing a party must have suffered an injury to a legally cognizable interest (ref) <u>Commercial Credit Loans Inc. v. Espinoza</u> 293 Ill. App. 3D 923, 929, (1997) . Western Proessive, LLC never acquired legal standing to take the property at bar to a Trustee Sale.

Under the BORROWER COVENANTS **(EXHIBIT 6)** section of the Deed of Trust Agreement of March 23, 2007, the Borrower (hererin Plaintiff(s)) warrants he/she will defend title to the real property at bar. The Bank-Lender never acquired title by reason of any 'loan' or Title document.

> **"Under the new law money is issued to the banks in return for government obligations … The money will be worth 100 cents on the dollar because it is backed by the credit of the nation. That it represents a mortgage on all the homes and all the people of the nation. Congressional Record, march 9th, 1933 , HR 1491, pg. 83. [emphasis bold, movant]**

> Individual so-called ownership of property is only by virtue of the government, that is law amounting to mere user,a nd that use must be in accordance with law and subordinate with the necessities of the state. Senate Document No. 43, 73rd Congress 1st session.

The mortgage document did not express any priority interest by the State in the land containing the real property at bar. And therefore as it is 'presumed' to be a contract, the presumption is rebutted

9

by fact(s) that full disclosure did not occur to the alleged Borrower(s) when they allegedly agreed to the terms of the mortgage. Therefore contract law is breached.

The additional 'presumption' of landlord-tenant being applicable to this property at bar is effectively rebutted by title recordings in the local Deeds office in favor of this Plaintiff. Because the current Defendant(s) raise a landlord tenant situation, which is not established by contract with these plaintiff(s), the defendant(s) will have to explain how they usurped the superior title holder to all land mortgaged in this country, i.e.: the u.s. government by reason of Senate document (43).

It is no small matter that res judicata protects this plaintiff and his/her claim that Senate Document (43) is confirmed in Federal case 5:21-cv-02263, (Timothy Heinz, v. Eradal, Inc. et. al) USDC N.D. of Ohio at Akron, Ohio by reason of USDC Judge John R. Adams granting Timothy Heinz, his Motion for Extension of time to file his Notice of Appeal; to the Sixth Circuit Federal Court panel, in Case #22-3615 **(EXHIBIT 1).**

Judge Adams ruled that the u.s. government was a silent party in interest and that the extra time motioned for when government is involved in such litigation was granted to Timothy Heinz upon his pro se motion explaining Senate Document (43) establishes such.

Under the BORROWER COVENANTS section of the Deed of Trust Agreement of March 23, 2007,, there were no encumbrances of record as no money changed hands March 23, 2007, There was no loan given by the Bank-Lender pursuant to 12 CFR 223.14, no collateral deposit was made by the Bank either on March 23, 2007, and therefore the language of the Mortgage Agreement and its chronology is fraudulent. The Plaintiff and/or its Successors have not met their burden of proof in evidence to sustain a foreclosure on the real property at bar.

10

Under the BORROWER COVENANTS section of the Deed of Trust Agreement of March 23, 2007, the "estate hereby conveyed" section is false as the estate had not been transferred to the alleged Borrowers on March 23, 2007, This invalidates the Mortgage Agreement in induced Fraud.

The Complaint for foreclosure from its inception should be dismissed as there is no valid implementing regulation attached to the foreclosure statute (California Civil Code §§ 2924 through 2924l),. A lack of implementing regulation makes the foreclosure statute alone unenforceable. (see) U.S. v. Mersky, 361 US 431.

The California foreclosure statute(s) Civil Code §§ 2924 through 2924l of the original foreclosure deed of trust of March 23, 2007,, has NOT been enacted by Quorum Vote and Journal entry requirements for Bona Fide Enacted State Law.

The Note which precedes the deed of trust says:

"In return **for a loan I have received**, I promise to pay U.S. $ 676.000,00(this amount is called "Principal" plus interest to the order of the Lender. [emphasis bold, mine]

However no money changed hands at the time of the alleged loan above. The Note was securitized later, roughly (5) days later and deposited by the Bank as an asset. Therefore the above language at the first paragraph of the original Note invalidates any mortgage agreement for being chronologically false. Fraud in the language above invalidates any Foreclosure occurring against the real property at bar.

Further evidence that is lacking is that under 18 USCA 1813 (L)(4) the Lender must issue a receipt for the promissory note deposited. It is asserted there will be no evidence forthcoming of such 'mandatory' receipt in the entirety of the Defendant(s) possession.

One of the reasons this evidence is likely hidden is that the borrower is the 'Originator' under UCC 4A-104, and only the Note signatory is the 'Originator'. This means Trover is an ongoing Enterprise in this Case whereupon the Bank-Lender and/or its Successors are attempting Conversion Theft.

If the Court were to allow Conversion Theft in light of what is lacking in 'mandatory' evidence for a meritorious foreclosure, [if one exists anywhere in this country) then Congressional Oversight has to occur.

## CONCLUSION, REQUEST FOR RELIE

There was no chain of title transfer that permitted Western Progressive LLC authority to institute a Notice of Trustee Sale as trustee or otherwise. There is a right of Replevin, and there is a right of redemption in California law that can be exercised by this plaintiff(s). Duly perfected title was never acquired with clean hands, good faith, duty of care, and/or full disclosure. The u.s. government was never made a party to the action and therefore, by want of making them the real party in interest, which it is, the defendant(s) have failed to state a claim for which relief can be granted as they completely missed the authority of Senate Document (43). The plaintiff(s) attach their Notice of Intent Affidavit of Secured Interest, herein for proof they are the true secured interest holders. It should not have been blocked from public recording when attempted by the plaintiff(s). The foreign corporation Wedgewood LLC had no standing to file a Trustee Deed upon Sale 10/27/2022 and Redwood Holdings, LLC, lacks standing to be involved in the Trustee Deed upon Sale.

The Plaintiff(s) will allow the Jury to assess damages.

For all the above and below attachments the Plaintiff moves for Trial by Jury to adjudicate the full extent of his claims. A right to amend this complaint is herein reserved.

Dated: November 9, 2022

Without Prejudice & Asserting
All Rights Reserved;

s/ _____

Ramon Rodriguez Fuentes, Pro Se Debtor
14 Beverly Drive
Watsonville, CA. 95076
ph: 831-818-7957

s/ _____

Letisia Fuentes, In pro se
14 Beverly Drive
Watsonville, CA. 95076