UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMON RODRIGUEZ FUENTES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> REDWOOD HOLDINGS LLC, et al., <br><br> Defendants. | Case No.   22-cv-07051-EJD <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: ECF Nos. 5, 23 |

## I.  INTRODUCTION

In March 2007, *pro se* Plaintiffs Ramon Rodriguez Fuentes and Letisia Macias Fuentes (together, "Plaintiffs") purchased residential property in Watsonville, California, with a loan from IndyMac Federal Bank, F.S.B.  *See* ECF No. 1-3 ("Compl. Ex. A") at 27–54.  The property was eventually subject to a foreclosure sale in August 2022, and sold to Defendant Redwood Holdings, LLC ("Redwood").  *See* ECF No. 1-7 ("Compl. Ex. 4") at 2, 6.  The Trustee's Deed Upon Sale was recorded with the County of Santa Cruz in October 2022.  *Id.* at 2.

On November 10, 2022, Plaintiffs initiated the present action in this court as a challenge to the foreclosure. ECF No. 1 ("Compl.").  Presently before the court is Defendants Redwood Holdings, LLC, Gregory Geiser, and Wedgewood, LLC's (together, "Defendants") motion to dismiss the Complaint.  ECF No. 5 ("Motion" or "Mot.").  Plaintiffs have filed a written opposition to the motion. ECF No. 11 ("Opp.").  Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court finds this case must be dismissed

Case No.: 22-cv-07051-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

1   for lack of subject matter jurisdiction.  Accordingly, the Motion will be granted.

## II.     DISCUSSION

Defendants argue that the Complaint fails because, among other reasons, Plaintiffs have not established a basis for federal jurisdiction.  Mot. at 5–6.  Whether subject matter jurisdiction exists is a threshold question that must be addressed before reaching the merits of an action.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).  Because the Court finds that it lacks jurisdiction over this action, it will not reach Defendants' other arguments.

### A.     Legal Standard

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co of America*, 511 U.S. 375, 377 (1994).  Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties.  *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity).  For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (citing *Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, (1983)).  For diversity jurisdiction, federal courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The rule requires complete diversity, *i.e.*, every plaintiff must be diverse from every defendant.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" to confirm that all parties are diverse.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  In determining subject matter jurisdiction, "the district court is not confined by the facts contained in the four corners of the complaint—it may consider facts and need *not* assume the

Case No.: 22-cv-07051-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

truthfulness of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006) (emphasis in original). When a defendant challenges the plaintiff's factual allegations with proof outside the pleadings, "the plaintiff must support her jurisdictional allegations with 'competent proof' under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010)).

### B.   Federal Question Jurisdiction

There appear to be two causes of action in the Complaint, one for wrongful foreclosure and one for quiet title,[1] both of which are based in state law. *See* Compl. at 1 (alleging "wrongful foreclosure and/or Deed of Trust Sale process"), 5 ("[Defendants] claim they have duly perfected title. Such is a false claim."), 12 ("Duly perfected title was never acquired with clean hands, good faith, duty of care, and/or full disclosure."). To the extent Plaintiffs intended to assert federal question jurisdiction by titling the Complaint a "Complaint for Temporary Injunction in the Form of a Petition for Order to Show Cause" and alleging that they "file[d] this Complaint for Injunction via Federal Rule [of Civil Procedure] 65," Compl. at 1, such an argument is unavailing. Rule 65 "sets forth the procedural terms for the issuance of injunctions," but "does not itself authorize injunctive relief." *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 646 (9th Cir. 1988). The other federal statutes and regulations mentioned in the Complaint—*e.g.*, 11 U.S.C. § 502(b)(1), 12 C.F.R. 223.14, and [12] U.S.C. § 1813—do not allow for the claims or relief sought here. Nor do the general references to "constitutional violations" or civil rights issues. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) ("A claim invoking federal-question jurisdiction ... may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (citation omitted)).[2] The Complaint, therefore, does not support

---

[1] The Court has liberally construed Plaintiffs' pleadings because they are proceeding *pro se*. *See Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002).

[2] Plaintiffs appear to argue in their opposition that this Court has jurisdiction based on an adverse ruling in a related action filed in the United States Bankruptcy Court for the Northern District of

Case No.: 22-cv-07051-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

3

1   federal question jurisdiction under § 1331.

### C.   Diversity Jurisdiction

Plaintiffs assert this Court has diversity jurisdiction under 28 U.S.C. § 1332. Compl. at 1. Plaintiffs do not allege the citizenship of any party, but allege that they are co-owners, co-title holders, and co-occupants—presumably of the property in Watsonville, California. Plaintiffs are therefore domiciled in and citizens of California. Likewise, Defendant Gregory Geiser is a resident of California, and therefore also a citizen. ECF No. 5-1 (Declaration of Gregory Geiser) ¶¶ 2. Defendants Wedgewood, LLC and Redwood Holdings, LLC are Delaware limited liability companies, and Defendant Geiser is the founder, president, and chief executive officer of Wedgewood, LLC, but Defendants have not affirmatively indicated whether the LLC defendants have any members who are membership of the LLC defendants. *Id.* ¶ 3. However, because Plaintiffs and Defendant Geiser are all residents of California, complete diversity does not exist. Accordingly, jurisdiction does not arise under § 1332.

Since the Complaint does not demonstrate the existence of either federal question or diversity jurisdiction, the court must dismiss this case. *See Ex Parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). The dismissal will be without prejudice. *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir.1999) ("Dismissals for lack of jurisdiction should be ... without prejudice so that a plaintiff may reassert his claims in a competent court." (internal quotations omitted)).

### III.   CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction. The dismissal is WITHOUT PREJUDICE and WITH LEAVE TO AMEND.

---

California that allegedly implicated Plaintiffs' Fifth Amendment rights. Opp. at 2–4. Plaintiffs did not include such allegations in their Complaint, but the same reasoning would apply.

Case No.: 22-cv-07051-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

Plaintiffs may file an amended complaint addressing the jurisdictional deficiencies identified in this Order by May 15, 2023.

The case management conference scheduled for May 11, 2023 is VACATED.  Defendants' motion to appear by telephone at the May 11 conference, ECF No. 23, is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: May 1, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-07051-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5