1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8

RAMON RODRIGUEZ FUENTES, et al.,

Plaintiffs,

9

10

v.

11

REDWOOD HOLDINGS LLC, et al.,

12

Defendants.

Case No.   22-cv-07051-EJD

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS WITH
PREJUDICE**

Re: ECF Nos. 29, 42

13

14

Plaintiffs Ramon Rodriguez Fuentes and Letisia Macias Fuentes (together, "Plaintiffs")

15

brought this action against Defendants Redwood Holdings, LLC ("Redwood"), Gregory Geiser

16

("Geiser"), Wedgewood, LLC ("Wedgewood"), Mortgage Electronic Registration Systems, Inc.,

17

("Mortgage Electronic"), PHH Mortgage Corporation Successor by Merger to Ocwen Loan

18

Servicing, LLC ("PHH"),[1] Indymac Federal Bank, F.S.B. ("Indymac"), Western Progressive

19

("Western"), and several individual notaries (together, "Defendants")[2] to challenge a foreclosure

20

of their residential property under various California state laws.  *See* Pls.' First Am. Compl.

21

("FAC"), ECF No. 26; Pl.'s Compl. ("Original Compl."), ECF No. 1.  Before the Court are

22

Defendants' two motions to dismiss Plaintiffs' First Amended Complaint ("FAC") for lack of

23

subject matter jurisdiction, among other arguments.  Defs. Geiser, Redwood Holdings, &

24

Wedgewood Mot. Dismiss ("G, R, W Mot. Dismiss"), ECF No. 29; Defs. Mortgage Electronic &

25

26

[1] Defendant PHH was erroneously sued as "Ocwen Loan Servicing, Inc."  Defs. Mortgage
Electronic & PHH Mot. Dismiss ("M, P Mot. Dismiss") 1, ECF No. 42.

27

[2] Plaintiffs' First Amended Complaint ("FAC") added Defendants Mortgage Electric, PHH,
Indymac, and Western, and removed all original Defendants Redwood, Geiser, and Wedgewood.
*See* Pls.' First Am. Compl. ("FAC"), ECF No. 26.

28

Case No.: 22-cv-07051-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1    PHH Mot. Dismiss ("M, P Mot. Dismiss"), ECF No. 42.  Plaintiffs have not filed an opposition.

2    Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision

3    without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the

4    Court **GRANTS** Defendants' motions to dismiss.

5    **I.        BACKGROUND**

6            On November 10, 2022, Plaintiffs initiated the present action in this Court to challenge the

7    foreclosure of their residential property in Watsonville, California.  *See* Original Compl.

8    Plaintiffs allege five claims in their FAC: (1) wrongful foreclosure, (2) cancelation of instruments,

9    (3) quiet title, (4) violation of California Civil Code section 2923.5, and (5) violation of

10   California's Unfair Competition Laws.  FAC.

11           The Court granted Defendants Redwood, Geiser, and Wedgewood's first motion to dismiss

12   the original complaint, finding that Plaintiffs failed to establish subject matter jurisdiction because

13   Plaintiffs' claims were not federal questions, and the parties were not completely diverse.  Order

14   Granting Mot. Dismiss ("Prior Order"), ECF No. 25.

15           The Court allowed Plaintiffs to file an amended complaint addressing the jurisdictional

16   deficiencies.  *Id.* at 5.  Plaintiffs filed their FAC on May 15, 2023, removing all original

17   Defendants, adding Defendants Indymac, Mortgage Electric, PHH, and various individual

18   notaries, and adding three news causes of action for various California state laws.  *See* FAC.

19           Under the assumption they were not properly dismissed from this action, the original

20   Defendants Redwood, Geiser, and Wedgewood now bring their second motion to dismiss, and

21   new Defendants Mortgage Electric and PHH file their first motion to dismiss.  G, R, W Mot.

22   Dismiss; M, P Mot. Dismiss.  Both motions argue that Plaintiffs failed to correct the deficiencies

23   in their complaint to establish subject matter jurisdiction, among other arguments.  G, R, W Mot.

24   Dismiss 7–8; M, P Mot. Dismiss 5–6.  Defendants ask the Court to dismiss with prejudice,

25   claiming that Plaintiffs have shown they cannot cure the jurisdictional deficiencies.  G, R, W Mot.

26   Dismiss 25; M, PHH Mot. Dismiss 12.  Plaintiffs have not responded to either motion to dismiss.

27

28   Case No.: 22-cv-07051-EJD
     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co of America*, 511 U.S. 375, 377 (1994).  Federal subject matter jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties.  *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity).  For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (citing *Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, (1983)).  For diversity jurisdiction, federal courts have original jurisdiction where (1) opposing parties are citizens of different states, and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The rule requires complete diversity, i.e., every plaintiff must be diverse from every defendant.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" to confirm that all parties are diverse. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  When a defendant challenges the plaintiff's factual allegations with proof outside the pleadings, "the plaintiff must support her jurisdictional allegations with 'competent proof' under the same evidentiary standard that governs in the summary judgment context." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010)).

## III.     DISCUSSION

Defendants argue that the FAC fails because Plaintiffs have not established a basis for federal jurisdiction, among other arguments.  R, G, W Mot. Dismiss 7–8; M, PHH Mot. Dismiss 5–6.  Whether subject matter jurisdiction exists is a threshold question that must be addressed

1    before reaching the merits of an action.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

2    94–95 (1998).  Because the Court finds that it lacks jurisdiction over this action, it will not reach

3    Defendants' remaining arguments.[3]

### A.    Federal Question Jurisdiction

5    In addition to the claims that the Court held in its Prior Order do not involve a federal

6    question, Prior Order 3, Plaintiffs' FAC adds three new claims: (1) cancellation of instruments

7    pursuant to California Civil Code section 3412, (2) violation of California Civil Code section

8    2923.5, and (3) violation of California's Unfair Competition law.  FAC.  The Court did not grant

9    Plaintiffs leave to include additional claims in their amended complaint.  *See* Prior Order 5

10   ("Plaintiffs may file an amended complaint addressing the jurisdictional deficiencies identified in

11   this Order . . . . ").  Regardless, these additional claims do not change the Court's prior analysis, as

12   all claims still allege violations of California law.  The FAC, therefore, does not give rise to

13   federal question jurisdiction.

### B.    Diversity Jurisdiction

15   Plaintiffs have failed to include additional facts in their FAC to satisfy diversity

16   jurisdiction.  In their FAC, Plaintiffs remove the original Defendants and add several new

17   Defendants.  FAC.  The Court did not grant Plaintiff leave to dismiss the original Defendants and

18   include additional Defendants in their amended complaint.  *See* Prior Order 5 ("Plaintiffs may file

19   an amended complaint addressing the jurisdictional deficiencies identified in this Order . . . . ").

20   Regardless, Plaintiffs have still failed to meet their burden to prove diversity jurisdiction with the

21   addition of the new Defendants.  Plaintiffs are domiciled in and citizens of California.  Prior Order

22   4.  Plaintiffs do not allege citizenship of any new Defendants, but Defendants argue that at least

---

[3] Defendants also requested that the Court take judicial notice of several documents including the Deeds of Trust, a Notice of Default, a California state vexatious litigant order, and other actions Plaintiffs have filed in the Superior Court of Santa Cruz, the California Court of Appeal, and Bankruptcy court.  Request for Judicial Notice, ECF No. 30; Request for Judicial Notice, ECF No. 40.  Defendants seek to use these documents to support their arguments regarding the merits of Plaintiffs' claims.  *Id.*  However, the Court did not reach Defendants' arguments regarding the merits and instead rests its holding on subject matter jurisdiction.  Therefore, the Court will not address Defendants' requests for judicial notice of these documents.

United States District Court
Northern District of California

one new Defendant, Indymac, is also domiciled in California for the purpose of diversity jurisdiction. M, PHH Mot. Dismiss 8 (citing *Cedeno v. IndyMac Bancorp, Inc.*, No. 06-cv-6438, 2008 WL 3992304, at *2 (S.D.N.Y. 2008) ("IndyMac Bancorp, Inc. is a Delaware corporation with its principal place of business in California and is thus a citizen of both of those states."); *White v. IndyMac Bank, FSB*, No. 09-cv-0571, 2012 WL 139203, at *5 (D. Haw. Jan. 18, 2012) (finding diversity because plaintiff was citizen of Hawaii and "both IndyMac and OneWest are federally chartered banks with their principal place of business in California"); *OneWest Bank, N.A. v. Melina*, No. 14-cv-5290, 2015 WL 5098635, at *4 (E.D.N.Y. Aug. 31, 2015), *aff'd*, 827 F.3d 214 (2d Cir. 2016) ("OneWest asserts that its main office and principal place of business is in California based on an affidavit submitted by Jon Dickerson, the First Vice President of its foreclosure department, and an application to the Federal Reserve System.")). Plaintiffs have failed to offer any evidence to rebut Defendants' assertion. Therefore, because Plaintiffs and Defendant Indymac are all domiciled in California, complete diversity does not exist. Accordingly, the FAC does not give rise to diversity jurisdiction.

\* \* \*

Plaintiffs' FAC does not demonstrate the existence of either federal question or diversity jurisdiction, therefore the court must dismiss this case. *See Ex Parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

The Court dismisses this case with prejudice. The Court has found that any proposed amendments would fail to cure the pleading deficiencies, therefore amendment would be futile. *See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

United States District Court
Northern District of California

**IV.     CONCLUSION**

Based on the foregoing, the Court **GRANTS** Defendants' motions to dismiss Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: October 5, 2023

EDWARD J. DAVILA
United States District Judge